E-FILED
Friday, 16 July, 2021 03:55:40 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| MNG 2005, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 21-cv-3071 |
| G2 WEB SERVICES, LLC, | ) ) ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant G2 Web Services, Inc.'s (G2) Motion to Dismiss and Memorandum in Support (d/e 6). The parties have consented to proceed before this Court. Consent to the Exercise of Jurisdiction by a United States Magistrate Judge and Reference Order entered June 15, 2021 (d/e 13). For the reasons set for below, the Motion is ALLOWED. This matter is dismissed with leave to replead.

## SUBJECT MATTER JURISDICTION

As a preliminary matter, this Court has an independent obligation to determine whether it has subject matter jurisdiction. See Arbaugh v. Y&H Corp., 546 U.S. 500, 508-09 (2006). Plaintiff MNG 2005, Inc. (MNG) alleges state law claims against Defendant G2, and so, seeks to invoke this

Court's diversity jurisdiction. See Complaint for Damages (d/e 1) (Complaint) Counts I, II, and III. MNG does not allege sufficient information to show complete diversity. MNG is a corporation and so is a citizen of the state where it was incorporated and the state where its principal place of business is located. Belleville Catering Co. v. Champaign Market Place, LLC, 350 F.3d 691, 692 (7th Cir. 2003). MNG does not allege the location of its principal place of business. G2 is a limited liability company (LLC) with offices in Belleview, Washington. See Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (d/e 12), Exhibit 1, Illinois Secretary of State LLC File Detail Report on G2. An LLC is a citizen of every state in which its members are citizens. Belleville Catering Co., 350 F.3d at 692. MNG does not allege the citizenship of G2's members. MNG alleges and G2 admits that in 2017, Verisk Analytics, Inc. (Verisk), acquired G2. See Complaint ¶ 4; Defendant G2 Web Services, Inc.'s Answer and Affirmative Defenses to Plaintiff MNG 2005, Inc.'s Complaint for Damages (d/e 8) (Answer), ¶ 4 (admitting that Verisk acquired G2). MNG alleges that Verisk is an LLC. If Verisk was an LLC, MNG would need to allege the members of Verisk to establish its citizenship, and so, G2's citizenship. MNG did not do so.

The Court, however, has determined that diversity exists.  This Court may review state Secretary of State public records and take judicial notice of such records.  See Belleville Catering Co., 350 F.3d at 693 ("Or counsel could have done what the court did: use the Internet.").  MNG is a Missouri corporation with a principal place of business in in St. Louis, Missouri. Missouri Secretary of State Profile Report of MNG, located at [RegSys Missouri - Customer Portal (mo.gov)](#), visited July 1, 2021.

Verisk is a Delaware corporation, not an LLC.  Verisk has changed its corporate name to Cotiviti, Inc. (Cotiviti).  Illinois Secretary of State Corporation File Detail Report (Cotiviti Illinois Report), [Corporation/LLC Search/Certificate of Good Standing (ilsos.gov)](#), visited on July 1, 2021.  The Cotiviti Illinois Report states that the president and secretary of Cotiviti are located in Atlanta, Georgia.  Id.  The Georgia Secretary of State report on Cotiviti states that Cotiviti's principal place of business is in South Jordan, Utah.; Georgia Secretary of State Business Search (Cotiviti Georgia Report), [GEORGIA (ga.gov)](#), visited July 1,2021.  The public records therefore show that MNG is a citizen of Missouri and G2 is a citizen of Delaware and either Utah or Georgia.  Either way, the parties are diverse.  MNG alleges damages in excess of $75,000.  Complaint, Counts

I, II and III. The Court is satisfied that it has diversity subject matter jurisdiction.

## STATEMENT OF FACTS

MNG and G2 were authorized to do business in Illinois as of the date MNG filed this action. MNG sold cooking oils and its business enterprises included a business located in Illinois called CKRT Oils. The Complaint does not state where CKRT Oils was located in Illinois. Complaint ¶ 2. G2 provided service to banks and payment companies "to monitor payment risk in their merchant and business customer portfolios." Complaint ¶ 7. G2 provided monitoring services for JP Morgan Chase Bank, N.A. (Chase), Visa USA, Inc. (Visa), and Paymentech, LLC (Paymentech). G2 monitored MNG transactions for Chase, Visa, and Paymentech. Complaint ¶¶ 8-10. MNG does not allege that G2 performed any of these activities in Illinois. MNG does not allege that G2 performed any business activities in Illinois. MNG only alleges that G2 was authorized to engage in business in Illinois.

MNG alleges on information and belief that on or about April 2, 2018, G2 "published false and inaccurate information to Paymentech, Chase Bank and/or Visa alleging Plaintiff was involved in illegal activity and was the subject of a law enforcement investigation." Complaint ¶ 11. MNG

alleges that as a result of this misrepresentation, MNG suffered serious financial injuries. See Complaint ¶¶ 12-27, 37. Among the injuries resulting from G2's alleged wrongful misrepresentations, Paymentech stopped processing credit card payments for CKRT Oils on May 1, 2018. Complaint ¶ 15. Based on these allegations, MNG asserts claims for defamation (Count I), tortious interference (Count II), and libel and slander (Count III).

G2 moves to dismiss for lack of personal jurisdiction and for failure to state a claim. MNG opposes the Motion.

## ANALYSIS

Preliminarily, MNG argues that the Motion is moot because G2 filed an answer immediately after filing the Motion. G2 filed the Motion at 2:43 p.m. on June 1, 2021 and filed its Answer at 2:58 p.m. on June 1, 2021. G2 was required to file the Motion before filing a responsive pleading. Fed. R. Civ. P. 12(b). G2 filed the Motion first, and so, complied with Rule 12(b). G2 also alleged a lack of personal jurisdiction as an affirmative defense in the Answer. Answer, at 11 Affirmative Defense No. 1. G2, therefore, did not waive its defense of a lack of personal jurisdiction. Fed. R. Civ. P. 12(h). The Motion is not moot.

G2 moves to dismiss for lack of personal jurisdiction. Once G2 challenges the Court's personal jurisdiction, MNG has the burden to make a prima facie showing that this Court has personal jurisdiction over G2. Purdue Research Foundation v. Sanofi-Synthelabo, S.A., 338 f.3d 773, 782 (7th Cir. 2003). This Court's personal jurisdiction in this case is governed by the law of the forum, Illinois. Felland v. Clifton, 682 F.3d 665, 672 (7th Cir. 2012). The Illinois long arm statute provides that Illinois courts may exercise personal jurisdiction on any basis allowed by federal constitutional due process. 735 ILCS 5/2-209(c); Matlin v. Spin Master Corp., 921 F.3d 701, 705 (7th Cir. 2019).

Constitutional principles of due process authorize this Court to exercise personal jurisdiction over a party if the forum has sufficient contacts with the forum that "'maintenance of the suit' is 'reasonable ...' and 'does not offend traditional notions of fair play and substantial justice.'" Ford Motor Company v. Montana Eighth Judicial District Court, __ U.S.__, 141 S.Ct. 1017, 1024 (2021) (quoting International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, 326 U.S. 310, 316-17 (1945). The constitutional principal of sufficient contacts with the forum has led the Supreme Court to recognize two types of personal jurisdiction, general and specific.

General personal jurisdiction authorizes a court to hear any type of case against a party that is within the court's subject matter jurisdiction. Such broad personal jurisdiction exists in the location where the party is at home or domiciled. Corporations are subject to general jurisdiction in the state of incorporation and the state in which its principal place of business is located. Ford Motor Company, 141 S.Ct. at 1024. G2 is an LLC. G2's offices are located in Belleview, Washington. G2's member, Cotiviti, is located in Delaware and either Georgia or Utah. These facts do not show that G2 is at home in Illinois. MNG also does not allege any other facts to show that G2 has made its home in Illinois. MNG, therefore, has not shown that this Court has general personal jurisdiction over G2.

To show that this Court has specific personal jurisdiction over G2, MNG must show that G2 purposely availed itself of the privilege of conducting business in Illinois, and MNG's claims must arise out of or relate to G2's contacts with Illinois. Ford Motor Company, 141 S.Ct. at 1025. Furthermore, MNG must show that G2's connection to the forum must arise out of contacts to Illinois that G2 created. Burger King corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).

MNG has not made this prima facie showing. MNG has not shown that G2 did anything in Illinois. MNG has only shown that G2 was authorized to do business in Illinois at the relevant time. Being authorized to do business is not sufficient; MNG must make a showing that G2 purposefully engaged in some activity in Illinois that caused or related to MNG's claims. See e.g., Advanced Tactical Ordinance Systems, LLC v. Real Acton Paintball, Inc., 751 F.3d 796, 801 (7th Cir. 2014) ("Specific jurisdiction must rest on the *litigation-specific* conduct of the defendant in the proposed forum state." (emphasis in the original)).

When read favorably to MNG, the Complaint alleges that G2's wrongful actions resulted in an injury in Illinois. MNG alleges that G2's alleged false statement regarding MNG, through a chain of occurrences, resulted in Paymentech stopping its processing of credit card payments for CKRT Oils, which MNG owned and operated. Complaint ¶¶ 11, 15. MNG, however, does not allege that this injury to MNG in Illinois arose from or related to contacts to Illinois that G2 created. MNG does not allege that G2 contracted with Paymentech in Illinois, sent the alleged false communication to Paymentech (or any other person or entity) in Illinois, or did anything else in Illinois. MNG only alleged that it suffered an injury in Illinois. This is not sufficient to support specific personal jurisdiction.

Advanced Tactical Ordinance Systems, LLC v. Real Acton Paintball, Inc., 751 F.3d 796, 801 (7th Cir. 2014) (The plaintiff's contacts or third parties' contacts with the forum are not sufficient to establish specific personal jurisdiction); see also Ford Motor Company, 141 S.Ct. at 1031-32 (specific personal jurisdiction does not exist when only the Plaintiff had purposeful contacts with the forum state. (citing Walden v. Fiore, 571 U.S. 277, 290 (2014)).

MNG fails to make a prima facie showing that this Court has personal jurisdiction over G2. The Complaint must be dismissed for lack of personal jurisdiction.

G2 also argues that MNG fails to allege that this Court has venue. The Court agrees. Venue in this Court is proper if (1) Defendant G2 resides in this District; (2) a substantial part of the events giving rise to the claim occurred in this District; or, if no other District has venue, this District has personal jurisdiction over G2. 28 U.S.C. § 1391(b). For venue purposes, G2 resides in this District if G2 is subject to this Court's personal jurisdiction in this action. 28 U.S.C. § 1391(c)(2). As explained above, MNG failed to make a prima facie showing that this Court has personal jurisdiction over G2 in this action. MNG, therefore, fails to show that G2

resides in this District. MNG also does not allege that any of the events at issue occurred in this District. MNG alleges that is owns and operates CKRT Oils in Illinois but does not allege that CKRT Oils is in this District. MNG also does not allege a substantial part of the events that give rise to the claim occurred in this District. Finally, MNG does not allege that it could not have brought this action in another District. MNG fails to allege that venue is proper in this Court.

G2 also moves to dismiss the Complaint for failure to state a claim. Dismissal is proper where a complaint fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Federal Rules require only "a short and plain statement of the claim showing that the pleader is entitled to relief," and allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2) & (d)(1). While a complaint need not contain detailed, specific factual allegations, it must contain sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is plausible on its face if it provides the defendant fair notice of what the claim is and the grounds

upon which it rests. George v. Smith, 507 F.3d 605, 608 (7th Cir. 2007). Dismissal under Rule 12(b)(6) is appropriate when "the factual detail in a complaint [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Airborne Beepers & Video, Inc. v. AT & T Mobility, LLC, 499 F.3d 663, 667 (7th Cir. 2007).

G2 argues that MNG's defamation, slander, and libel claims in Counts I and III are barred by the statute of limitations. The Court agrees. Defamation claims in Illinois are subject to a one-year statute of limitation. 735 ILCS 5/13–201.[1] The statute runs from the date of publication. Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc., 61 Ill.2d 129, 131-32, 334 N.E.2d 160, 161 (1975); Ciolino v. Simon, 2020 Il App (1st) 190181 ¶ 42, __ N.E.3d __, 2020 WL 8613519 at *7 (Ill. App. 1st Dist. March 16, 2020). G2 made the alleged false statement in 2018. MNG filed this action in 2021, more than a year after publication. The claims in Counts I and III are barred by the statute of limitations.

---

[1] MNG does not dispute in its response to the Motion that the Illinois statute of limitation applies. MNG does not respond at all to G2's Rule 12(b)(6) motion to dismiss for failure to state a claim other than to argue incorrectly that the Motion is untimely. See Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (d/e 12), at 1-2.

To state a claim for tortious interference in Count II, MNG must allege:

> (1) the existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of this contractual relation; (3) the defendant's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the other, caused by the defendant's wrongful conduct; and (5) damages.

HPI Health Care Services, Inc. v. Mt. Vernon Hosp., Inc., 131 Ill. 2d 145, 154–55, 545 N.E.2d 672, 676 (1989) (quoting Prudential Insurance Co. of America v. Van Matre, 158 Ill.App.3d 298, 304, 511 N.E.2d 740, 744 (Ill. App. 5th Dist. 1987)).   MNG does not allege that G2 knew of any of MNG's contractual relationships with Chase, Visa, or Paymentech.  MNG does not allege that G2 intended to induce Chase, Visa, or Paymentech to breach a contract.  MNG does not allege that Chase, Visa, or Paymentech breached a contract.  MNG fails to state a claim in Count II.

MNG's complaint must be dismissed, but the Court will grant MNG one opportunity to replead.  G2 asks the Court not to give MNG an opportunity to replead because any amendment would be futile.  The Court, however, in its discretion will give MNG one more opportunity to plead subject matter jurisdiction, personal jurisdiction, venue, and state a claim.

THEREFORE, IT IS ORDERED that Defendant G2 Web Services, Inc.'s (G2) Motion to Dismiss and Memorandum in Support (d/e 6) is

ALLOWED. The Complaint (d/e 1) is dismissed. The Court gives Plaintiff MNG 2005, Inc. one opportunity to replead. Plaintiff may file an amended complaint by August 5, 2021. The case will be dismissed with prejudice if an amended pleading is not filed by that date.

ENTER: July 16, 2021

                                     s/ *Tom Schanzle-Haskins*
                                     TOM SCHANZLE-HASKINS
                                     UNITED STATES MAGISTRATE JUDGE